# SETTLEMENT AGREEMENT AND
# FULL AND FINAL RELEASE OF ALL CLAIMS

1.  This Agreement covers all understandings between Jose Reyes (hereinafter referred to as "Reyes," a term which includes Reyes' successors, assigns, beneficiaries, personal representatives, and heirs) and Brown Distributing Company of West Palm Beach (hereinafter referred to as "Brown Distributing," a term which includes each and every officer, director, employee, agent (within the scope of such agency), parent corporation(s) or subsidiary, and division, as of the date hereof, and their successors, beneficiaries, servants, legal representatives, insurers and heirs).

2.  For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Reyes agrees as follows:

    A.  To settle any and all claims and actions of any nature whatsoever, accrued as of the date of this Agreement between Reyes and Brown Distributing and release and forever discharge Brown Distributing of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, accrued as of the date hereof, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Reyes' previous employment or separation from employment with Brown Distributing, or related to the transactions or matters which are the subject matter of the lawsuit titled <u>Jose Reyes v. Brown Distributing Company of West Palm Beach</u>, Case No.: 08-60882-CIV-ZLOCH, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; the Civil Rights Act of 1866; the Employee Retirement Income Security Act; the Equal Pay Act; the Americans with Disabilities Act of 1990; the Family and Medical Leave Act; the Fair Labor Standards Act; the Florida Civil Rights Act; any and all claims for breach of contract, breach of the covenant of good faith and fair dealing; infliction of emotional distress; wrongful discharge; violation of public policy; defamation; libel; invasion of privacy; claims for unpaid wages; or any other tort; workers' compensation retaliation claims, and any and all common law claims, accrued as of the date hereof. This is not a complete list, and Employee waives and releases all similar rights and claims under all other federal, state, and local discrimination provisions and all other statutory and common law causes of action or administrative claims relating in any way to Employee's previous employment or any termination of employment with Employer, existing at any time prior to this Agreement, whether known or unknown, from the beginning of the world until the date of this Agreement. Except as otherwise may be provided in the Agreement, it is understood and agreed that this is a full, complete and final general release of any and all claims described as aforesaid, and that the Parties agree that it shall apply to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or disclosed, accrued as of the date hereof.

SETTLEMENT AGREEMENT AND RELEASE

PAGE 1

*J. R*
Reyes' Initials

B. Reyes understands that payment by Brown Distributing pursuant to Paragraph 3 of this Agreement will be made within 10 days from the date the Court issues an Order dismissing the lawsuit titled <u>Jose Reyes v. Brown Distributing Company of West Palm Beach</u>, Case No.: 08-60882-CIV-ZLOCH, with prejudice.

C. That Reyes has not filed any charge, complaint, or lawsuit over any claim(s) referred to in Paragraph 2A of this Agreement. While Reyes understands that the law does not foreclose him from filing an agency charge, should any such charge or action be filed by Reyes or on his behalf involving matters covered by this Agreement, Reyes agrees to promptly give the agency or court having jurisdiction a copy of this Agreement and inform them that any individual claims he might otherwise have had have been settled. Reyes agrees not to file any lawsuit at any time over any claims released in this Agreement, except for a lawsuit to enforce the terms of this Agreement.

D. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Brown Distributing of any violation of any federal, state, or local statute or regulation, or any violation of any of Reyes' rights or of any duty owed by Brown Distributing to Reyes. Reyes further agrees and acknowledges that he has been fully paid for all hours worked, and that, except for payment under paragraph 3, no other compensation, vacation pay, sick pay, overtime pay, liquidated damages, or any other money is owed to him.

E. To waive his right to future employment with Brown Distributing and to agree not to knowingly reapply for employment with Brown Distributing.

F. Not to disclose the contents of this Agreement to anyone except his spouse, his tax advisors, his attorneys, or as otherwise compelled by force of law or in fair comment in response to a disclosure by Brown Distributing. In the event Reyes is compelled by force of law to disclose the contents of this Agreement, Reyes agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Brown Distributing or its attorneys of record telephonically and confirmed promptly thereafter in writing so that Brown Distributing will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. Reyes agrees that Brown Distributing shall be entitled to liquidated damages in the amount of $3,500.00, in addition to any other legal or equitable remedies, in the event that Reyes breaches this non-disclosure provision. The payment by Reyes of liquidated damages pursuant to this paragraph does not release Reyes from the promises he has made in this Agreement. No action by Brown Distributing shall be taken as a waiver of its right to insist that Reyes abide by the non-disclosure terms of this Agreement. To the extent that Reyes reveals the contents of this Agreement to anyone (as allowed in this paragraph), except for disclosures pursuant to force of law, Reyes assumes responsibility for such disclosure and will advise such individuals that they are not allowed to reveal the contents of the Agreement to any other person. Reyes agrees to assume responsibility for any breach

of the confidentiality provisions by such third person, including the payment of liquidated damages, except for disclosures pursuant to force of law.

G. That Reyes is solely and entirely responsible for the payment of any and all taxes, if any, which may be found to be due on the amount paid hereunder as 1099 earnings. Reyes also agrees to indemnify and hold Brown Distributing harmless against any claim for such taxes or related penalties or interest, and attorneys' fees and costs expended by Brown Distributing in any action against Reyes necessary for indemnification of such taxes, penalties, or interest. Reyes acknowledges that Brown Distributing has made no representation regarding the taxability of the settlement funds.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, Brown Distributing agrees to pay Reyes the total sum of Seven Thousand Dollars and 00 cents ($7,000.00), broken down as follows:

A. a single check in the amount of $1,750.00, minus all applicable withholding, payable to Reyes as W-2 earnings
B. a single check in the amount of $1,750.00 payable to Reyes as 1099 earnings; and
C. a single check in the amount of $3,500.00 payable to the Whitelock & Levy Trust Account, in full satisfaction of attorneys fees and costs.

Reyes understands and agrees that this payment will not be disbursed until the condition set forth above under paragraph 2B is met.

4. In the event that Reyes files suit or brings any other legal proceedings against Brown Distributing on any claim that is validly released hereunder, excluding any suit or other legal proceeding to enforce this Agreement, Reyes shall be liable to Brown Distributing for any attorneys' fees, expert witness fees, and costs of court reasonably incurred by Brown Distributing.

5. In the event that Reyes or Brown Distributing commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Reyes and Brown Distributing agree that this Agreement is entered into knowingly and voluntarily, without undue influence, overreaching, collusion, or intimidation, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this agreement, Reyes agrees that this Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

7. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Reyes and an authorized representative of Brown Distributing.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall be severable and shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. All other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States and the State of Florida.

10. This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

11. In signing this Agreement, Reyes agrees and certifies that: (a) he has carefully read and fully understands the provisions of this Agreement; (b) that Brown Distributing has, by this Agreement, advised him to consult with an attorney of his choice before signing this Agreement, and he has had an opportunity to do so; (c) he has been allowed a reasonable period of time after receiving this Agreement in which to consider this Agreement before signing; and, (d) he agrees to the terms of this Agreement knowingly, voluntarily and without intimidation, coercion or pressure, and he intends to be legally bound by the Agreement.

12. Effective Date. The Effective Date of the Agreement shall be the day executed by the last signatory.

13. Brown Distributing has duly authorized this Agreement and authorized the signatory below to sign on its behalf as a valid and binding act of Brown Distributing, and Brown Distributing does intend to be so bound by this Agreement

DATE: 9-11-08        Signature: _____
Approved:                         Jose Reyes

DATE: _____   Signature: _____
                                       For Brown Distributing Company of
                                       West Palm Beach